**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM SHOTTS and MARGARET** | § | **PLAINTIFFS** |
| **SHOTTS, Individually and as Next Friend** | § | |
| **and Beneficiary of WHITNEY KEITH** | § | |
| **SHOTTS, deceased** | § | |
| | § | |
| **VERSUS** | § | **CIVIL ACTION NO. 1:05cv84-DMR-JMR** |
| | § | |
| **UNUMPROVIDENT CORPORATION,** | § | |
| *ET AL.* | § | **DEFENDANTS** |

<u>**ORDER GRANTING IN PART MOTION OF DEFENDANT PRUDENTIAL**</u>
<u>**TO DISMISS [Doc. No. 23], AND ORDER OF DISMISSAL *WITHOUT* PREJUDICE**</u>

BEFORE THE COURT is the Second Motion of the Defendant Prudential Insurance

Company to Dismiss ("Prudential") [Docket No. 23], with this dismissal being sought pursuant

to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 7.2(D) of the Uniform Local

Rules of the Northern and Southern Districts of Mississippi.  Specifically, Prudential moves for

an involuntary dismissal *with prejudice* of the Complaint filed in this cause by the Plaintiff,

William and Margaret Shotts, individually and as next friend and beneficiary of Whitney Keith

Shotts, deceased ("decedent"), in which Prudential submits they seek to recover the proceeds of

an Accidental Basic Employee Term Life and Accidental Death and Dismemberment policy

issued by Prudential to the decedent, Whitney Keith Shotts, through her employer, Litton

Industries, Inc.

DISCUSSION

The Court has carefully reviewed the record before it and the procedural history of the

case recited by Prudential in its Motion to Dismiss [Doc. No. 23] and conferred with the

United States Magistrate to whom this case is assigned.  This Court is also familiar with the

issues involved in cases where the plaintiff's state law claims may be preempted by the

Employee Retirement Income Security Act of 1974 ("ERISA"), such as that found in *Pilot Life*

*Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987) and its progeny as noted by Prudential in its first

Motion to Dismiss and memorandum on ERISA claims [Doc. Nos. 9 and 10].  *See also* 29

U.S.C. § 1144(a).  The Court notes the attempts of the Plaintiffs to try to not proceeding

without an attorney and the hesitation of previous counsel for the Plaintiffs to proceed without

an expertise in this area.  However, the Plaintiffs have the responsibility to diligently

prosecuted this matter and to keep in contact with the Court.  Many conferences have been held

in this matter and orders entered requiring responses by the Plaintiffs, but the Court has not

received responses to the motions to dismiss and even the last order sent to Plaintiffs by this

Court was returned as undeliverable in the mail [Doc. No. 20].

     The Court has reviewed the argument and case law submitted by Prudential for a

dismissal with prejudice where the Court may dismiss a plaintiff's complaint with prejudice for

want of prosecution and/or failing to comply with Court orders upon a clear record of delay or

contumacious conduct by the plaintiff, and when lesser sanctions would not serve the best

interests of justice.  *See Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513 (5th Cir.

1985); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976).  However, out of an extreme abundance

of caution, and in light of the issues and parties involved in this cause, this Court  is reluctant

to dismiss this cause with prejudice, and is of the opinion that this matter should be dismissed

*without prejudice*.

     **IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion of the

Defendant Prudential Insurance Company to Dismiss ("Prudential") [Docket No. 23], be and is

hereby **GRANTED in PART** inasmuch as it seeks a dismissal of this cause, but this cause be

and is hereby **DISMISSED *WITHOUT PREJUDICE,*** with each party bearing their own costs.

  **IT IS FURTHER ORDERED AND ADJUDGED** that any outstanding pending

motions be **DENIED as MOOT**.

  **SO ORDERED AND ADJUDGED** this  12th  day of July, 2006.


         **/S/ DAN M. RUSSELL, JR.**
         **UNITED STATES DISTRICT JUDGE**